[Cite as *State v. Pontious*, 2014-Ohio-3394.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13-CA-00016 |
| BRYAN D. PONTIOUS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Perry County Court of
Common Pleas, Case No. CRB 1300273

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 1, 2014

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

NANCY NASH RIDENOUR    SONYA S. MARSHALL
Assistant Prosecuting Attorney    PO Box 509
PO Box 569    Logan, Ohio 43138
New Lexington, Ohio 43764

*Hoffman, P.J.*

{¶1}   Defendant-appellant Bryan D. Pontious appeals his conviction entered by the Perry County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant's parents, Geraldine and Pearl Pontious, owned real property operated as a family farm in Perry County, Ohio, at 12277 Township Rd. N.E., Crooksville, Ohio 43731.  Following the death of Pearl Pontious, Appellant's father, Geraldine Pontious executed a will providing for the disposition of her estate, including the family farm.  Geraldine Pontious died on April 9, 2012.

{¶3}   Geraldine and Pearl Pontious had five children.  Before Geraldine's death, part of the family farm was transferred and titled to Daniel Pontious to use as a residence.  The property owned by Daniel is surrounded on all sides by the family farm.

{¶4}   Upon Geraldine's death, Geraldine's will provided all of Geraldine's property, including the family farm, was devised to: Robert Pontious, Bryan Pontious, Mark Pontious, Deborah Casto and Jason Pontious, per stirpes.  Daniel Pontious was not mentioned in the devise, due to the previous transfer of real estate.

{¶5}   Located on the family farm is an underground water well, located in a "pump house" on the property, behind the family farm house.  Daniel drilled the well and used water from the well to provide water to his house trailer.  In order to use the water from the well, Daniel purchased and installed a pressure tank on the water well.  Neither the water well, the pump house, or the pressure tank are located on Daniel's property.  Daniel used the water well to provide water to his residence for twenty years.

{¶6} Daniel also tied into a gas line from an oil well located on the farm property. The gas line was located in one of the outbuildings on the farm property, and Daniel utilized the gas line to heat his home. He installed gas valves and a gas line to provide gas to his property from the farm property.

{¶7} On May 31, 2013, an argument occurred between Appellant and Daniel, resulting in Appellant causing damage to the pressure tank, the gas valves, the handles and stems to the valves and the gas line leading to Daniel's residence. Appellant shut the gas line off and sawed off the handles and a section of gas line leading to Daniel's property. Appellant shot at the water pressure tank with a shot gun. The damage resulted in Daniel's residence having no heat or water.

{¶8} As a result of the incident, a complaint was filed against Appellant charging criminal damaging in violation of R.C. 2909.06. The matter proceeded to a trial to the court, and Appellant was found guilty on December 20, 2013.

{¶9} Appellant appeals his conviction, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE DEFENDANT DAMAGED THE PROPERTY OF ANOTHER IN VIOLATION OF §2909.06 OF THE OHIO REVISED CODE.

{¶11} "II. THERE WAS NOT SUFFICIENT EVIDENCE PRESENTED AT TRIAL TO SUSTAIN THE COURT'S FINDING OF GUILT.

{¶12} "III. THE DEFENDANT-APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I., II., and III.

{¶13} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶14} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks,* 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶15} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

**{¶16}** When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility. A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *E.g., State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass,* 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶17}** If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *State v. Eley,* 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. Generally, a reviewing court should find a conviction against the manifest weight of the evidence only in the " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Lindsey,* 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

**{¶18}** Appellant was convicted of criminal damaging, in violation of R.C. 2909.06, a misdemeanor of the second degree.

**{¶19}** The statute reads in pertinent part,

**{¶20}** "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

**{¶21}** "(1) Knowingly, by any means;"

**{¶22}** Appellant asserts he did not damage the *property of another*; rather, damaged property he himself owned because the items Daniel placed onto the family farm became fixtures of which Appellant was part owner.

**{¶23}** In *Funtime, Inc. v. Wilkins* 105 Ohio St.3d 74, 80, 822 N.E.2d 781, 786 - 787, 2004-Ohio-6890, the Ohio Supreme Court held,

**{¶24}** "Although we previously abandoned any consideration of the appropriation-to-use test set forth in *Teaff,* 1 Ohio St. 511, 1853 WL 54, for classifying property, the General Assembly has reinstated that test for determining whether a structure is real or personal property. R.C. 5701.02(E) requires a decision as to whether the item 'increases or enhances utilization or enjoyment of the land.' Language similar to that now found in R.C. 5701.02(E) was used by this court in *Zangerle,* 144 Ohio St. at 515, 30 O.O. 151, 60 N.E.2d 52, wherein we stated:

**{¶25}** "'The second requisite of the test of a fixture [real property] is that the annexed chattel must have such relationship to the land or improvements already constructed thereon as to be necessary or beneficial to its enjoyment, independent of the business presently carried on. To illustrate, a silo constructed on a farm is a fixture [citation omitted]; a heating furnace installed in a residence property is a fixture [citation omitted]; and motive-power equipment in a mill is likewise a fixture [citation omitted]. *Those are fixtures because they would be beneficial, if not necessary, to the use of the*

*land and the structures already placed thereon regardless of the nature of the business which might be located on such land.*" (Emphasis added.)

{¶26} Here, the pressure tank and gas valves installed on the farm property by Daniel Pontious did not provide a benefit to the family farm property and were not necessary to the use of the family farm property or the structures already placed thereon. Rather, the benefit derived from the pressure tank installed on the water well and the gas valves and gas line providing water and gas to heat Daniel Pontious' property, provided a benefit to and were necessary only to the use of Daniel's property. Accordingly, we find the same were not fixtures and remained Daniel's property.

{¶27} Appellant's first, second and third assignments of error are overruled.

{¶28} Appellant's conviction in the Perry County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur